IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 07-cv-00488-LTB-CBS

ZEHREN AND ASSOCIATES, INC., a Colorado corporation, and
MONROE & NEWELL ENGINEERS, INC., a Colorado corporation,

        Plaintiffs,

v.

BRAEBURN REAL ESTATE DEVELOPMENT, LLC., a Colorado Limited Liability Company,
BRAEBURN BUILDERS LTD., a Colorado corporation,
DOUGLAS R. BOYLES, an individual, and
TIMOTHY F. WHITE, an individual, d/b/a OP-ART,

        Defendants and Third-Party Plaintiffs,

v.

THE EP BOUNDARY, LLC, a Colorado limited liability company, and
MICHAEL V. BARRY, an individual,

        Third-Party Defendants.
_____

ORDER
_____

This matter is before me on a Petition to Confirm Final Award of Arbitrators [**Doc # 58**] filed pursuant to 9 U.S.C. § 9 by Plaintiffs, Zehren and Associates, Inc. and Monroe & Newell Engineers, Inc., in which they seek judicial confirmation of an arbitration award. Defendants and Third-Party Plaintiffs, Braeburn Real Estate Development, LLC., Braeburn Builders LTD, Douglas R. Boyles, and Timothy F. White d/b/a Op-Art (collectively, "Braeburn"), agree generally with Plaintiffs' request for confirmation, but disagree as to the calculation of post-judgment interest. Third-Party Defendants, The EP Boundary, LLC and Michael V. Barry (collectively, "EP Boundary"), agree with Plaintiffs' request for confirmation and, in addition,

seek confirmation of the award as it relates to them. Braeburn opposes EP Boundary's request in part.

## I. BACKGROUND

Plaintiffs filed this lawsuit on March 12, 2007. After a settlement conference with Magistrate Judge Craig Shaffer, held on June 8, 2007, the parties agreed to submit the dispute to arbitration. As a result, on June 15, 2008, I stayed this matter pending the outcome of the arbitration.

At the conclusion of an eight-day hearing, an arbitration panel with the American Arbitration Association ("AAA") issued an Interim Award, dated July 31, 2008, ruling against Braeburn. The Interim Award awarded damages and prejudgment interest to Plaintiffs, as well as arbitration fees, attorney fees and costs against Braeburn in an amount to be determined.

The Arbitration Panel subsequently issued the Final Award of Arbitrators on October 22, 2008. The Final Award is essentially identical to the Interim Award, except that it sets the amount of arbitration fees, attorney fees and costs. Specifically, it provides that Braeburn pay to Plaintiffs:

(1) Damages in the amount of $120,000.00;

(2) Prejudgment interest (from February 1, 2007, to August 1, 2008, the date of the Interim Award) in the amount of $14,770.00;

(3) Post-Judgment Interest (from August 1, 2008 until satisfied) at the rate of 8% per annum, compounded annually;

(4) Administrative Expenses of the AAA and Compensation for the Arbitrators, in that Braeburn shall pay to Plaintiffs "the additional sum of $37,906.36, representing that portion of said fees and expenses in excess of the apportioned costs preciously incurred by" Plaintiffs;

2

(5) Plaintiffs' Costs and Expenses in the amount of $94,135.00; and

(6) Plaintiffs' Attorneys Fees in the amount of $336,306.00.

The Final Award further provided that Braeburn pay to EP Boundary:

(5) EP Boundary's Costs and Expenses in the amount of $6,293.44; and

(6) EP Boundary's Attorneys Fees in the amount of $112,102.00.

After Plaintiffs filed the Petition to Confirm Final Award of Arbitrators at issue here, EP Boundary filed a Motion for Clarification of Final Award of Arbitrators with the AAA on November 14, 2008. That motion was briefed to the AAA and, in response, the the arbitration panel issued a Modified Final Award of Arbitrators dated December 18, 2008. The Modified Final Award is identical to the Final Award, except that it reimburses EP Boundary its portion of the AAA administrative fees and expenses. As such, the Modified Final Award provides that Braeburn pay to EP Boundary "the additional sum of $29,399.13, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by" EP Boundary.

## II. LAW

The Federal Arbitration Act provides that "[a]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9 (2008). 9 U.S.C. § 10(a)(4) provides that a court may make an order vacating the award "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

In reviewing an arbitration award, the Court must "give extreme deference to the determination of the arbitration panel for the standard of review of arbitral awards is among the narrowest known to law." *Hollern v. Wachovia Sec., Inc.*, 458 F.3d 1169, 1172 (10th Cir. 2006)(*quoting Brown v. Coleman Co.*, 220 F.3d 1180, 1182 (10th Cir. 2000)). "Once an arbitration award is entered, the finality of arbitration weighs heavily in its favor and cannot be upset except under exceptional circumstances." *Hollern v. Wachovia Sec., supra,* 458 F.3d at 1172 (*quoting Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1146-47 (10th Cir. 1982)).

### III. PLAINTIFFS' ARBITRATION AWARD

Plaintiffs seek an entry of judgment in their favor against Braeburn. Braeburn does oppose a confirmation of the arbitration panel decision with respect to the award in favor of Plaintiffs. However, it disputes Plaintiffs' calculation of post-judgment interest on that award. Specifically, Braeburn argues that the Final Award provides for post-judgment interest – at 8% per annum – against the award of actual damages only ($120,000), as opposed to the combined award of damages, pre-judgment interest, arbitration costs, attorney fees, and expenses ($120,000 + $14,770 + $37,906.36 + $94,135 + $336,306 = $603,117.36) as sought by Plaintiffs.

The first paragraph of the Final Award provides as follows:

> 1. Respondents [Braeburn] jointly and severally shall pay to claimants [Plaintiffs] the sum of $134,770, which includes damages in the amount of $120,000 and prejudgment interest from February 1, 2007, to August 1, 2008, in the amount of $14,770.

Then, in the second paragraph, the Final Award provides as follows:

> 2. Interest on this Award shall accrue at the rate of 8% per annum from and after August 1, 2008 until satisfied.

4

In the paragraphs that follow, the Final Award orders Braeburn to pay Plaintiffs their costs, expenses and attorney fees.

Braeburn asserts that the award of post-judgment interest in ¶2 provides for interest on "this Award" which means the damages award only ($120,000). Braeburn maintains that this conclusion is evidenced by the arbitration panel's initial calculation of prejudgment interest ($14,770) in the Interim Award, which was assessed before it determined the amount of the fees and costs to be awarded. Because the arbitration panel assessed pre-judgment interest solely on the damages award, Braeburn argues that the post-judgment interest assessed on "this Award" is likewise to be assessed only on the damages award.

However, both parties agree that 28 U.S.C. § 1961 is applicable to the determination of post-judgment interest to an arbitration award confirmation. *See Newmont U.S.A. Ltd. v. Insurance Co. of North America,* 2008 WL 4378777 (D.Colo. 2008)(not selected for publication). That statute, which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court," has been broadly interpreted by the Tenth Circuit to provide for the accrual of post-judgment interest to both an award of attorney fees, *see Transpower Constructors v. Grand River Dam Authority*, 905 F.2d 1413, 1423-24 (10th Cir.1990), and an award of costs. *Wheeler v. John Deere Co.,* 986 F.2d 413, 415 (10th Cir. 1993). As such, I agree with Plaintiffs that the award of post-judgment interest here applies to all of the damages awarded; specifically, the award of damages, pre-judgment interest, arbitration expenses, attorney fees, and costs ($120,000 + $14,770 + $37,906.36 + $94,135 + $336,306 = $603,117.36).

5

## IV. EP BOUNDARY'S ARBITRATION AWARD

In the Interim Award, EP Boundary, the Third-Party Defendants, were not awarded actual damages, but Braeburn was ordered to pay EP Boundary's costs in the amount of $6,293.44. In the Final Award, Braeburn was also ordered to pay EP Boundary's attorneys fees in the amount of $112,102. Then, after asking for clarification from the arbitration panel, EP Boundary was awarded additional costs against Braeburn of $29,399.13 in the Modified Final Award, which represents EP Boundary's portion of the AAA administrative expenses and compensation of the arbitrators. Braeburn does not oppose confirmation of the costs award in favor of EP Boundary set forth in the Interim Award in the amount of $6, 293.44. However, Braeburn does oppose the confirmation of the award of attorney fees set forth in the Final Award in the amount of $112,102, and the award of additional costs in the Modified Final Award, for cost associated with the arbitration hearing, in the amount of $29,399.13.

**Attorney Fees in Final Award**

Braeburn first asserts that EP Boundary is not entitled to an award of attorney fees on the basis that the arbitrators exceeded their authority in awarding that relief. Braeburn notes that the initial Interim Award did not award attorney fees to EP Boundary and, moreover, the Interim Award stated that "[a]ll claims not expressly granted herein are hereby denied" and that the award "is in full settlement of all claims submitted to this Arbitration." However, on EP Boundary's motion, the arbitrators reconsidered that decision and then awarded attorney fees to them in the Final Award. Braeburn argues that the AAA's Commercial Arbitration Rules and Mediation Procedures (the "AAA Rules"), which govern here, provides that an award may be modified only to "correct any clerical, typographical, or computational errors in the award [and

6

the arbitration panel] is not empowered to redetermine the merits of any claim already decided."
AAA Rule R-46. As such, Braeburn argues that the attorney fees award in favor of EP Boundary should not be confirmed because the arbitrators improperly exceeded their power in modifying the award under 9 U.S.C. § 10(a)(4).

I disagree, however, with Braeburn's argument in that it is clear that the initial Interim Award was just that – an interim or preliminary determination. Although the Interim Award did indicate that it was in full settlement of all claims and that the "claims not expressly granted herein are hereby denied," I conclude that the specific interim nature of the award – including the fact that it did not set the amount of fees and cost due to any party – did not implicate the AAA rule that prohibits substantive modification of an award except for clerical or computational error. *See generally United Steelworkers of Am. v. Ideal Cement Co.*, 762 F.2d 837, 841 FN 3 (10th Cir. 1985)(arbitrators may "complete awards which were not final").

Moreover, my research reveals ample case law in which arbitrators were permitted to subsequently explain or clarify an issue related to damages. *See Kennecott Utah Cooper Corp. v. Becker,* 186 F.3d 1261, 1271-72 (10th Cir.1999)(ruling the arbitrator could explain whether he intended to include back pay in the award); *see also Eastern Seaboard Const. Co., Inc. v. Gray Const., Inc.*, ___ F.3d ___, 2008 WL 5428159 (1st Cir. 2008)(providing that the "amendment did not reopen the merits of the case, [r]ather, it clarified a latent ambiguity"); *Waveform Telemedia, Inc. v. Panorama Weather North America,* 2007 WL 678731 (S.D. N.Y. 2007)(not selected for publication)(upholding an amended award – which indicated the arbitrator intended to credit a party for an expense but initially failed to do so – because "it simply modified the award to make

7

it consistent with the arbitrator's intent, but maintained the underlying resolution of the dispute"). As a result, I conclude that the arbitration panel did not redetermine the merits of a claim already decided in violation of AAA Rule R-46, nor did it exceed its power under 9 U.S.C. § 10(a)(4), when it included an award of attorney fees in favor of EP Boundary in its Final Award. .

**AAA Expenses in Modified Final Award**

Braeburn also objects to the award of additional costs associated with the arbitration hearing to EP Boundary, in the amount of $29,399.13, in the Modified Final Award. The AAA fees and compensation were contemplated and provided for in the Final Award as follows:

> The administrative fees of the American Arbitration Association totaling $17,700.00, and the compensation of the arbitrators totaling $87,504.62 shall be born by Respondents [Braeburn], jointly and severally. Therefore the Respondents jointly and severally shall pay to Claimant [Plaintiffs] the additional sum of $37,906.36, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by Claimant.

The Modified Final Award provides the following additional sentence:

> In addition, Respondents [Braeburn] jointly and severally shall pay to Third Party Respondents [EP Boundary] the additional sum of $29,399.13, representing that portion of said fees and expenses in excess of the apportioned costs previously incurred by the Third Party Respondents.

In a footnote to the sentence, the arbitration panel notes that: "This Modified Final Award is being issued as a result of a computational error made by the American Arbitration Association in allocating the administrative fees of the American Arbitration Association and the compensation of the arbitrators in connection with the Final Award."

EP Boundary argues that this additional award memorializes the intent of the arbitration panel's initial ruling on AAA expenses in that it represents the share paid by EP Boundary of the

8

total money paid by all the parties to the AAA to cover administrative fees and the compensation of the arbitrators. EP Boundary asserts that the arbitration panel inadvertently failed to award it its portion of the fees, and speculates that this was because its Bill of Costs did not include the amounts it paid to the AAA, as directed by the arbitrators.

Braeburn does not directly dispute this contention, but instead again asserts that the arbitrators exceeded their authority because the underlying Motion to Clarify filed by EP Boundary – which led to the Modified Final Award – was untimely under the AAA Rules. Specifically, Braeburn argues AAA Rule R-46 provides that an award may only be modified by the arbitrators if requested to do so within twenty days after the transmittal of an award, and that the underlying motion in this case was filed with the AAA twenty-two days after the transmittal of the Modified Final Award.

Despite the fact that the timeliness issue was raised in the briefing of the underlying motion, the Modified Final Award does not explicitly address or rule on it. However, as argued by EP Boundary to the arbitration panel, and again here, the panel has the authority to extend the deadline for good cause pursuant to AAA Rule R-38. As EP Boundary points out, it is undisputed that the underlying substantive ruling of the arbitrators was that Braeburn failed to prove their claims against EP Boundary and, as such, that Braeburn was responsible for EP Boundary's expenses incurred in participating in the arbitration. Furthermore, the Report of Preliminary Hearing and Scheduling Order related to the arbitration hearing provides that "[a]fter the deadlines, the parties may not file motions except with the permission of either the chair of the panel, or upon his unavailability, either of the other panel members, good cause having been shown." The arbitration panel ordered briefing on the motion to clarify, and all of

9

the arbitrators including the chair of the panel, signed the Modified Final Award.

The fact that EP Boundary's portion of the AAA costs and compensation were apparently inadvertently not included in the Final Award – due to an admitted computational error made by the AAA – constitutes good cause for a two-day extension of the deadline for seeking such modification. Because I agree that it was clearly the intent of the arbitration panel to award EP Boundary the costs it incurred in arbitrating the matter, including those paid to the AAA, I conclude that the arbitration panel's Modified Final Award was due to its own oversight or computation error, and that such admitted error amounted to a determination of good cause to extend the deadline by two days.

ACCORDINGLY, pursuant to 9 U.S.C. § 9, I CONFIRM the Modified Final Award of Arbitrators, dated December 18, 2008, and ENTER JUDGMENT as follows:

Defendants and Third-Party Plaintiffs shall jointly and severally pay to Plaintiffs:

(1) Damages in the amount of $120,000.00;

(2) Prejudgment interest in the amount of $14,770.00;

(3) Costs and Expenses in the amount of $94,135.00;

(4) Attorneys Fees in the amount of $336,306.00;

(5) Arbitration Expenses in the amount of $37,906.36; and

(6) Post-Judgment Interest (from August 1, 2008 until satisfied) at the rate of 8% per annum, compounded annually, on the entire amount of damages due to Plaintiffs as set forth in number (1) though (5)).

In addition, Defendants and Third-Party Plaintiffs shall jointly and severally pay to Third-Party Defendants:

1) Costs and Expenses in the amount of $6,293.44;

2) Attorneys Fees in the amount of $112,102.00;

3) Arbitration Expenses in the amount of $29,399.13; and

4) Post-Judgment Interest (from August 1, 2008 until satisfied) at the rate of 8% per annum, compounded annually, on the entire amount of damages due to Plaintiffs as set forth in number (1) though (3)).

Dated: January __7__, 2009, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE